Mr. Justice FIELD
delivered the opinion of the court:
In March, 1858, two of the complainants recovered judgment against Brown, in one of the District Courts of the Territory of Nebraska, for upwards of eleven hundred dollars. In October following, the other complainants also recovered judgment, in the same court, against Brown, for upwards of four hundred dollars. In February, 1859, the judgment creditors instituted the present suit, the object of which is to subject certain real property situated in the city of Omaha to the satisfaction of their respective judgments.
The bill charges that on the 15th of July, 1857, Brown was engaged in mercantile pursuits in that city; that he was on that day insolvent, and being about to suspend business and the payment of his debts, purchased the real property in question, and in order to place it beyond the reach of his creditors, procured a conveyance to be made to the defendant Jones, who now holds the property upon a secret trust for him. The bill prays that the premises may be sold and the proceeds applied to the payment of the judgments. The District Court rendered a decree in favor of the complainants; the Supreme Court of the Territory affirmed the decree, and the defendant Jones has appealed to this court.
Several objections to the decree were urged upon the court on the argument, which we do not deem it necessary to consider: The objection that the complainants have not shown any attempt to enforce their remedy at law is fatal to the relief prayed. A court of equity exercises its jurisdiction *332 in favor of a judgment creditor only when the remedy afforded him at law is ineffectual to reach the property of the debtor, or the enforcement of the legal remedy is obstructed by some incumbrance upon the debtor’s property, or some fraudulent transfer of it.
In the first case the court, when its aid is invoked, looks only to the execution, and the return of the officer to whom the execution was directed. The execution shows that the remedy afforded at law has been pursued, and of course, is the highest evidence of the fact. The return shows whether the remedy has proved effectual or1 not, and from the embarrassments which would attend any other rule, the return is held conclusive. The court will not entertain inquiries as to the diligence of the officer in endeavoring to find property upon which to levy. If the return be false, the law furnishes to the injured party ample remedy.
In the second case the equitable relief sought rests upon the fact that the execution has issued and a specific lien has been acquired upon the property of the debtor by its levy, but that the obstruction interposed prevents a sale of the property at a fair valuation. It is to remove the obstruction, and thus enable the creditor to obtain a full price for the property, that the suit is brought.*
In this case the bill alleges that executions were issued upon the judgments of the complainants, and were returned unsatisfied, but the allegation was not admitted, and no proof on the subject was produced at the hearing. The case, therefore, stands as a suit in equity commenced for the satisfaction of judgments before any attempt had been made for their collection at law by the issue of execution thereon. That the suit cannot be maintained under these circumstances is clear both upon principle and authority.
The decree appealed from must therefore be reversed, and the coart below directed to enter a decree for the defendant, dismissing the suit.
Remanded with directions accordingly.

 Beck v. Burdett, 1 Paige, 307; McElwain v. Willis, 9 Wendell, 559; Crippen v. Hudson, 3 Kernan, 164.